[Cite as *State v. Barber*, 2016-Ohio-1409.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-902 |
| | | (C.P.C. No. 12CR-4433) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Michael R. Barber, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 31, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Wolfe Van Wey & Assoc., LLC*, and *Stephen T. Wolfe*; *Michael R. Barber*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Michael R. Barber, appeals from a judgment of the Franklin County Court of Common Pleas convicting and sentencing him on one count of possession of drugs, in violation of R.C. 2925.11, a felony of the first degree, and one count of possession of drugs, in violation of R.C. 2925.11, a felony of the third degree. In this second appeal, appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Having conducted an independent review as required, pursuant to *Anders*, we conclude that the trial court did not err and we affirm.

I. Facts and Procedural History

{¶ 2} The trial court entered the convictions for drug possession following a jury trial during which the jury entered verdicts of guilty to the drug offenses. Appellant was sentenced. Appellant appealed on July 16, 2014, alleging the trial court erred because:

there was insufficient evidence to support the guilty verdicts and finding; the guilty verdicts and finding were against the manifest weight of the evidence; appellant was not permitted to represent himself; and by improperly imposing consecutive sentences. This court affirmed on all the assignments of error, with the exception of the assignment of error alleging improper imposition of consecutive sentences. We found that the trial court erred by imposing consecutive sentences without making the findings required by R.C. 2929.14(C)(4). On that assignment of error, we reversed and remanded the case to the trial court. *State v. Barber*, 10th Dist. No. 14AP-557, 2015-Ohio-2653, ¶ 31.

{¶ 3} On remand, the trial court sentenced appellant on July 31, 2015 to 11 years in prison on Count 1, consecutive to 3 years in prison on Count 2, for a total prison term of 14 years. A corrected judgment entry reflecting the sentence was filed on August 28, 2015. Appellant appealed.

## II. Assignment of Error

{¶ 4} Appellant assigns the following single assignment of error for our review:

> THERE IS NO COLORABLE ISSUE TO SUPPORT AN APPEAL IN THIS CASE.
>
> **ISSUE NO. 1**
>
> The trial court erred by imposing consecutive sentences without making the necessary findings under R.C. 2929.14(C)(4).

## III. Discussion

{¶ 5} On December 4, 2015, appellant's counsel filed his appellate brief and stated "[t]here is no colorable issue to support an appeal in this case." (Appellant's Brief, 4.) Counsel further stated that "[b]ecause of the limited scope of the remand, the re-imposition of consecutive sentences is the only possible claim of error [but] counsel has concluded that the trial court made the necessary findings in order to impose consecutive sentences, and thus counsel concludes that further proceedings in this matter would be wholly frivolous and without merit within the meaning of *Anders*." (Appellant's Brief, 4.) Accordingly, appellate counsel sought leave to withdraw from the case.

{¶ 6} This court recently reviewed the procedure an appellate court must follow as established in *Anders*:

> In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*
>
> Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to decide whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346 (1988), citing *Anders* at 744. After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. *Penson* at 80. However, if we conclude that there are nonfrivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues. *Anders* at 744; *Penson* at 80.

*State v. Bayer*, 10th Dist. No. 11AP-733, 2012-Ohio-5469, ¶ 9, citing *State v. Matthews*, 10th Dist. No. 11AP-532, 2012-Ohio-1154, ¶ 9-10.

{¶ 7} In the case before us, we conducted an examination of the proceedings below as required by *Anders* and identified only frivolous issues on appeal. Nevertheless, on December 7, 2015, we allowed appellate counsel to withdraw and gave appellant an opportunity to file a supplemental brief. Appellant did not file a supplemental brief. Accordingly, we now review the only possible claim of error asserted by counsel, the improper imposition of consecutive sentences.

{¶ 8} In order to impose consecutive sentences, a trial court must make findings required by R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 26. That statute requires:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} A word-for-word recitation of the language of the statute is not required. As long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.* at ¶ 29; *Barber* at ¶ 26.

{¶ 10} At appellant's sentencing hearing, the trial court made the following findings to support its imposition of consecutive sentences:

I believe that the original sentence that was imposed is appropriate. I find that consecutive sentences are necessary to protect the public from future crime by you and that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger that you pose to the public. I further find that the harm caused by the defendant was so grave or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of your conduct.

You know, part of -- part of what you did, part of what you were convicted of is supplying a 17-year-old with heroin * * *.

(July 30, 2015 Tr. 8.) The court further found:

Okay. Taking that into account, I'm also looking at the fact that your criminal history starts during the Carter administration. Back in 1979 you were committed -- you

were committed for committing an aggravated burglary and aggravated robbery. When you were 18, you committed an escape. This is 1980. That was the year I was born. You were committing offenses before I was a part of this -- of this earth. You know, possession of drugs F4 1982; aggravated burglary 1987; OVI 1998 -- that's -- or -- and then there's a burglary in '95.

Your entire history on this earth has been to cause people harm and to hurt people and that's why consecutive sentences are appropriate in this case and that's why I am imposing 11 years as to Count One. I'm going to impose three years as to Count Two. I am going to run those consecutive.

(July 30, 2015 Tr. 9-10.)

{¶ 11} The trial court incorporated these oral findings into the August 28, 2015 amended judgment entry as follows:

The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court finds that a prison term is mandatory pursuant to R.C. 2929.13(F).

* * *

The Court hereby imposes the following sentence: ELEVEN (11) YEARS AS TO COUNT ONE AND THIRTY SIX (36) MONTHS AS TO COUNT TWO, TO RUN CONSECUTIVE FOR A TOTAL OF FOURTEEN (14) YEARS. COURT ARTICULATED FINDINGS OF FACT FOR CONSECUTIVE SENTENCE. THE SENTENCE TO RUN CONCURRENT WITH CASE NO. 13CR-2249, TO BE SERVED at the OHIO DEPARTMENT OF REHABILITATION AND CORREC-TION. It is further ordered that the defendant's driver's license is suspended for a period of six (6) months, without work driving privileges effective immediately.

The Court made factual findings on the record to support all of the following as it relates to a consecutive sentence. The Court finds that this consecutive sentence is necessary to protect the public from future crimes or to punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and the offender committed

> one or more of the multiple offenses while awaiting trial or sentencing.
>
> Further, two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> Finally, the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis omitted.) (Aug. 28, 2015 Amended Judgment Entry, 2-3.)

{¶ 12} Following our independent review of the record, we are unable to find any non-frivolous issues for appeal, and we agree that the issue raised in the *Anders* brief is not meritorious. Appellant's assignment of error is overruled.

## IV. Conclusion

{¶ 13} Accordingly, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

———————————